The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and oral arguments before the Full Commission by telephone conference call. The appealing party has shown good ground to reconsider the evidence in this matter with respect to some matters and has not shown good ground to reconsider the evidence with respect to other matters. Therefore, the Full Commission modifies and affirms the Deputy Commissioners Opinion and Award.
The only parts of the Opinion and Award that Dr. Davis found offensive were those parts dealing with his deposition and the fee awarded by the Deputy Commissioner for his deposition. Therefore, the Opinion and Award of Deputy Commissioner Glenn shall be and remain as it was filed on February 29, 2000 except for those parts dealing with Dr. Daviss deposition and the fee resulting from his deposition. As to those parts, the following supersedes.
***********
Based upon the evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Prior to his deposition in this matter Dr. John E. Davis was not very familiar with the North Carolina Workers Compensation Act. He had treated the plaintiff with respect to bilateral carpal tunnel syndrome. He believed the treatment was not subject to the Workers Compensation Act because defendants had denied the claim.
2. Plaintiffs counsel gave notice of the deposition of Dr. Davis. When the paralegal from plaintiffs counsels office contacted office personnel for Dr. Davis to arrange the time and place of the deposition, Dr. Daviss staff person explained that Dr. Davis charged a fee of $300 per hour for his testimony and that he expected to be paid in advance of the deposition because of problems he had encountered in collecting his fee from previous depositions.
3. Plaintiffs counsels staff passed along to defendants counsels staff the information about Dr. Davis insisting on being paid prior to his deposition. A person from defendants counsels staff contacted a person from Dr. Daviss staff and explained that, under the Workers Compensation Act, a witness cannot be paid until the Industrial Commission by Order sets the amount of the fee for the deposition. All counsel believed that this explanation took care of the matter and arrangements were made for taking the deposition in the office of Dr. Davis.
4. On the appointed day and hour the court reporter and all counsel arrived at Dr. Daviss office only to be told that he would not testify unless he was paid in advance. Under these circumstances, the deposition was postponed.
5. Dr. Davis was outspoken in his explanation of his policy and counsel felt offended by his remarks and also took offense that their time and the time of the court reporter had been wasted. An order was obtained from Deputy Commissioner Glenn requiring Dr. Davis to give his testimony by deposition prior to payment. Defendants counsel explained the consequences of failure to abide by this order and Dr. Daviss deposition was noticed for a second time. On this occasion Dr. Davis did testify prior to receiving payment.
6. Defendants counsel filed a motion with Deputy Commissioner Glenn asking him to award a $400 witness fee to Dr. Davis and also order that that fee be paid to defendants counsel because of Dr. Daviss behavior that had cost counsel expenses and loss of billable time. In his Opinion and Award, the Deputy Commissioner did award a $400 witness fee to Dr. Davis and did order that this fee be paid instead to defendants counsel.
7. There was not a complete understanding reached between Dr. Daviss office staff and the staff of defendants counsel regarding whether or not a witness fee would be paid in advance of Dr. Daviss testimony. Therefore, Dr. Davis was only partly at fault for the expenses and lost time incurred by both counsel for plaintiff and counsel for defendants at the aborted first-noticed deposition.
8. A reasonable witness fee for Dr. Daviss testimony in this matter is $400.00. However, because of Dr. Daviss conduct in refusing to have his deposition taken without payment in advance, it is reasonable that one-quarter of his $400.00 fee be paid to defendants counsel for there reasonable expenses in connection with the aborted deposition and one-quarter be paid to plaintiffs counsel for their reasonable expenses.
***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission has authority to tax costs and set appropriate witness fees in matters involving the North Carolina Workers Compensation Act. N.C. Gen. Stat. 97-90.
2. The Industrial Commission also has authority to order testimony to be taken by deposition and the costs to be taxed as other costs. N.C. Gen. Stat. 97-80(d).
3. The Industrial Commission may issue subpoenas and cause them to be served. N.C. Gen. Stat. 97-80(e).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. As part of the costs of this matter, defendants shall pay a reasonable witness fee of $400.00 for the testimony of Dr. John E. Davis, MD.
2. One half of the $400.00 shall be paid to Dr. Davis and the other half shall be divided between counsel for plaintiff and counsel for defendant.
3. No other costs are assessed.
This 7th day of June 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER